**IMG-165**                                                                      **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 09-1868

_____

SHAMSUDDIN SIKANDER;
SALINA SIKANDER; RUFFEL SIKANDER,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. 070-892-880, 070-868-193 and 070-868-148)
Immigration Judge:  Honorable Annie S. Garcy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 14, 2010

Before:  RENDELL, FISHER and GARTH, <u>Circuit</u> <u>Judges</u>.

(Filed:  April 15, 2010)
_____

OPINION

_____

PER CURIAM

Lead petitioner Shamsuddin Sikander[1] seeks review of the Board of Immigration Appeals' ("BIA") order dismissing the appeal from the denial of his motion to reopen proceedings. For the following reasons, we will deny his petition.

I.

Sikander, a native and citizen of Bangladesh, entered the United States in 1993 without having been admitted. He applied for asylum alleging that he was persecuted on the basis of his political opinion for his membership in the Jatiya political party. On September 23, 1998, an Immigration Judge ("IJ") denied his applications for asylum and withholding of removal. Sikander did not appeal the decision, and consequently, his original immigration hearing was not transcribed.

In 2008, more than ten years after the IJ ordered his removal, Sikander filed a motion to reopen his removal proceedings to reapply for asylum based on changed country conditions. Sikander argued that Bangladesh was in a declared state of emergency since January 11, 2007, and that the military had come to his home in 2002 seeking his whereabouts. He also attested that since the state of emergency was declared, his house had been searched several times, and that his brother had been repeatedly detained and abused in an effort to find him, most severely in January 2008. Sikander

_____

[1]Salina and Ruffel Sikander are the wife and son of petitioner and riders to his claim.

2

supported his motion with the 2006 and 2007 Bangladesh Country Reports and assorted newspaper articles.

The IJ denied Sikander's motion to reopen. The IJ found that he had filed his motion long after the 90-day statutory deadline, and that he failed to satisfy the "changed country conditions" exception. Even if Sikander could show a material change in country conditions, the IJ noted that his 22-month delay[2] in filing for reopening undermined the veracity of his claim. Further, the IJ found that Sikander's allegations did not warrant prima facie eligibility for asylum to grant his untimely motion to reopen, especially as he failed to offer any documentation to corroborate his assertions.

Sikander appealed to the BIA, which affirmed the IJ's decision. The BIA agreed that Sikander had failed to establish that changed circumstances excused the untimeliness of his motion to reopen and therefore was precluded from filing a second application for asylum. Sikander, through counsel, filed a timely petition for review.

## II.

To the extent that Sikanker seeks review of the IJ's September 23, 1998 order, we lack jurisdiction to review his claims because his petition for review is untimely.[3]

---

[2]As both the BIA and government note, the IJ erroneously found that Sikander waited "10 months" after the state of emergency was declared in Bangladesh to file his motion to reopen. The record demonstrates that his October 2008 motion was filed *1 year and 10 months* after the January 2007 declaration of a state of emergency.

[3]A petition for review must be filed within thirty days afer the date of the final order of removal. See 8 U.S.C. § 1252(b)(1); Stone v. INS, 514 U.S. 386, 405-06 (1995) Sikander filed his petition on March 26, 2009, more than ten years after the IJ's denial of

Accordingly, the only question properly before this Court is whether the BIA abused its discretion in denying Sikander's motion to reopen. See 8 U.S.C. § 1252(a); Liu v. Att'y Gen., 555 F.3d 145, 148 (3d Cir. 2009). Motions for reopening are generally disfavored because of the threat they pose to finality. INS v. Doherty, 502 U.S. 314, 323 (1992). The BIA's discretionary decision will not be disturbed unless it is "arbitrary, irrational, or contrary to law." Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004).

An alien must generally file a motion to reopen with the BIA "no later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). This deadline does not apply to motions that rely on evidence of "changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Here, Sikander did not file the motion to reopen within the 90-day window; therefore, he must show changed country conditions in Bangladesh in order to excuse the untimeliness.

In arguing that country conditions have changed, Sikander's petition discusses the impact of the state of emergency declared on January 11, 2007, in Bangladesh. Relying on his affidavit, his petition details how his house and houses of relatives have been searched several times, and members of his family have been harassed between 2003-2006 by the police. Sikander emphasizes that in January 2008, his brother was

---

his application for asylum.

detained, beaten, tortured, and interrogated by the police in an attempt to discover Sikander's whereabouts, and that his brother required medical attention for his serious injuries. His brief also includes a 15-page direct excerpt from the 2007 Country Reports for Bangladesh. Sikander introduces an additional claim that he fears he will face violence because he is Ahmedian, although he never asserted his religion as part of his original asylum claim.

We conclude that the BIA did not abuse its discretion in refusing to excuse the untimeliness of Sikander's motion to reopen based on changed conditions. Despite Sikander's claim that the Board failed to address country conditions, we find that the BIA adequately addressed its basis for denying relief. First, Sikander's motion was based on the state of emergency that was declared in 2007; however, he waited 22 months before filing his motion to reopen, and fails to provide an explanation for this delay. He also could have filed a motion to reopen soon after his brother was detained and tortured in January 2008, a key factor on which he relies when seeking his own relief, and yet failed to do so. As both the IJ and BIA found, it appears that Sikander's motion to reopen coincided with his detention, as opposed to changed conditions.

In addition, while Sikander provides general evidence of political unrest, the 2007 Country Report makes little mention of persecution or violence towards members of the Jatiya party. Sikander also provides no evidence that he will personally face persecution. Although he alleges that his brother was tortured and required medical care, he does not

provide any evidence from his brother or family member to corroborate his claims. Accordingly, because Sikander fails to show that the BIA acted arbitrarily, irrationally, or contrary to law, the denial of his motion to reopen must stand.

Finally, we note that Sikander's argument that the matter should be remanded because the record is incomplete is without merit. As the government notes, this is the first time in which Sikander asserts that he cannot properly challenge the IJ's findings because no transcript of the hearing exists, and therefore, this claim is unexhausted. See Lin v. Att'y Gen., 543 F.3d 114, 119-23 (3d Cir. 2008). Moreover, the reason no transcript exists is because Sikander failed to appeal the IJ's initial decision, which this Court lacks jurisdiction to consider.

For these reasons, the petition for review is denied. In light of our disposition, Sikander's pending motion for stay of removal is denied as moot. See Catney v. INS, 178 F.3d 190, 196 n.9 (3d Cir. 1999).